```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NEIL EVAN THOMPSON,

                    Plaintiff,              MEMORANDUM & ORDER
                                             10-CV-3770 (JS)(WDW)
          -against-

NASSAU COMMUNITY COLLEGE,
NASSAU COUNTY, and
ADJUNCT FACULTY ASSOCIATION,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:          Neil Evan Thompson, pro se
                        43 Lawrence Avenue
                        Inwood, NY 11096

For Defendants:
Nassau Community
College & Nassau County Michelle M. Faraci, Esq.
                        Nassau County Attorney's Office
                        One West Street
                        Mineola, NY 11501

Adjunct Faculty Assoc.  Joshua Zuckerberg, Esq.
                        Pryor Cashman Sherman & Flynn LLP
                        410 Park Avenue
                        New York, NY 10022
```

SEYBERT, District Judge:

On August 12, 2010, Plaintiff Neil Evan Thompson commenced suit against Nassau Community College, Nassau County, and the Nassau Adjunct Faculty Association ("AFA"), principally alleging violations of Title VII and the Americans with Disabilities Act. The AFA has now moved to dismiss the claims

against it under Fed. R. Civ. P. 12(b)(1) and (6). This motion is GRANTED.[1]

As an initial matter, Plaintiff has failed to oppose the AFA's motion. Thus, the Court can deem Plaintiff's claims against the AFA abandoned, and dismiss the claims against the AFA on that basis. See, e.g., Hudson v. Lockhart, 554 F. Supp. 2d 494, 496 (S.D.N.Y. 2008).

In any event, Plaintiff's claims against the AFA are fundamentally deficient. As the AFA correctly notes, Plaintiff's EEOC charge failed to name the AFA as a respondent. And Plaintiff pleads no facts and raises no legal argument to suggest that the AFA shared an "identity of interest[s]" with the parties actually named in the charge. See Johnson v. Palma, 931 F.2d 203, 209 (2d Cir. 1991) (a plaintiff can "proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge"). Thus, Plaintiff's Title VII claims against the AFA must be dismissed for failure to exhaust administrative remedies. See Rosario v. Potter, 07-CV-5891, 2009 WL 3049585, at *2 (S.D.N.Y. Sep. 23, 2009). Similarly, Plaintiff's failure to assert disability discrimination in his EEOC charge dooms his Americans with Disabilities Act claims.

---

[1] Although the AFA purports to move under Rule 12(b)(1), it does not raise any subject matter jurisdiction-based arguments. The Court decides, and grants, the AFA's motion under Rule 12(b)(6).

See, e.g., DiProjetto v. Morris Protective Service, 306 Fed. Appx. 687, 688 (2d Cir. Jan. 15, 2009). Finally, although the Complaint contains a conclusory assertion that "42 U.S.C. §§ 1981, 1983, and 1985(3)" "may also" apply, the Complaint pleads no facts to suggest that the AFA violated any of those statutes. Accordingly, even after construing the Complaint liberally to account for Plaintiff's pro se status, the Complaint fails to state "a plausible claim to relief" against the AFA. Caro v. Weintraub, 618 F.3d 94, 97 (2d Cir. 2010); Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). It follows then that all claims against the AFA must be dismissed under Rule 12(b)(6).

## CONCLUSION

The AFA's motion to dismiss is GRANTED. The Clerk of the Court is directed to terminate the AFA as a Defendant in this action.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   March   30  , 2011
         Central Islip, New York